# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2026

Lyle W. Cayce
Clerk

No. 25-60516
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO RIOS-MUNOZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:25-CR-71-1

———————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Pursuant to a written plea agreement, Francisco Rios-Munoz pleaded guilty to illegal reentry by a previously removed alien. The district court sentenced him to 24 months of imprisonment and one year of supervised release. For the first time on appeal, Rios-Munoz argues that the Government breached the plea agreement by failing to specify, at the

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentencing hearing, that it recommended a sentence within the lower 50% of the applicable advisory guidelines range. The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver provision in the plea agreement.

We generally conduct a de novo review as to whether an appeal waiver bars an appeal. *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019). Our review of the record shows that the waiver here was knowing and voluntary. *See id.* Rios-Munoz is accordingly bound by the waiver of appeal provision unless the Government breached the terms of the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

As Rios-Munoz did not allege that the Government breached the plea agreement in the district court, our review is for plain error only. *See United States v. Trotter*, 157 F.4th 767, 769-70 (5th Cir. 2025). Rios-Munoz also has the burden of demonstrating a breach by a preponderance of the evidence. *See id.* at 770. When determining whether the Government violated the terms of a plea agreement, we must consider "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Id.* (internal quotation marks and citation omitted).

We have held that a Government's obligation to recommend a particular sentence is satisfied if the presentence report (PSR) includes that recommendation. *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001). Because the PSR in this case referenced the Government's recommendation, Rios-Munoz has not demonstrated a clear or obvious error in that regard. He therefore cannot meet the plain-error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

APPEAL DISMISSED; MOTION TO DISMISS APPEAL GRANTED; MOTION FOR SUMMARY AFFIRMANCE DENIED.